**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ANDRE D. GREEN, #287879 | : |
|    Plaintiff | : |
|      v. | :   Civil Action No. PJM-07-3185 |
| ROBERT DURKIN | : |
|    Defendant | ..o0o.. |

**MEMORANDUM**

Pending is a civil rights complaint filed pursuant to 42 U.S.C. §1983 by Andre D. Green, an inmate at the Baltimore City Detention Center, against Robert Durkin, an assistant public defender who is representing him. Plaintiff claims that defendant is providing ineffective assistance of counsel during pre-trial motions proceedings, fails to return calls, and told him "I don't like representing Niggers anyway." Complaint, p. 4. Plaintiff states that he has suffered emotionally and physically, including losing his hair. He seeks damages of $2,000,500. Plaintiff has also filed for leave to proceed in forma pauperis which shall be granted.

**Standard of Review**

Under 28 U.S.C. §1915A, courts are required to screen civil actions brought by prisoners and dismiss complaints which fail to state a claim upon which relief may be granted or seek monetary relief from a defendant immune from such relief. In reviewing the sufficiency of the Complaint, the Court presume all of Plaintiff's allegations to be true and construes them in the light most favorable to Plaintiff. A pro se litigant's complaint must be broadly construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke,* 574 F.2d 1147, 1153 (4th Cir. 1978). This does not mean, however, that the Court can ignore a clear failure in the complaint to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Services*, 901 F.2d

387, 390-91 (4th Cir.1990). Upon review of the pleadings, the Court concludes that the Complaint must be dismissed *sua sponte* under 28 U.S.C. §1915A(a) & (b).

## Analysis

To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988). The requirement that a defendant has acted "under color of state law" is a jurisdiction prerequisite for a §1983 action. *See Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

A public defender does not act under color of state law when performing the traditional functions of counsel. *See Polk County*, 454 U.S. at 325. Where as here, a public defender is representing an indigent defendant in a state criminal proceeding, the public defender is not acting under color of state law for the purposes of §1983. This is because the public defender "is not acting on behalf of the State; he is the State's adversary." *Id.* at 323, n. 13.[1] Thus, under these facts defendant is not amenable to suit under §1983. Further, Defendant's use of profanity, if true, while deplorable and highly unprofessional, does not amount to a violation of constitutional magnitude.[2]

## Conclusion

---

[1] Further, it is unclear whether plaintiff has been criminally convicted. To the extent that he seeks damages under §1983 for an allegedly improper conviction, plaintiff's claims must be dismissed because judgment in his favor would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). When a prisoner seeks damages for an illegal conviction, imprisonment, or other act that would "necessarily" render his conviction or sentence invalid, the prisoner must first demonstrate the conviction or sentence was invalidated. To challenge a state conviction or sentence in federal court, plaintiff must petition for a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 501 (1973). Before seeking federal habeas relief, plaintiff must first exhaust his claims in state court, including his allegations of ineffective assistance of counsel. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

[2] This determination does not preclude plaintiff from presenting his concerns to the Public Defender's Office or the Maryland Bar Association.

The Complaint fails to state a cause of action upon which relief may be granted. There is no factual predicate to show that Defendant was acting under the color of state law so that he is amenable to suit under §1983. Plaintiff's claim that Defendant used profanity against him, albeit serious and troubling, fails to constitute a constitutional claim upon which relief can be awarded. A separate order consistent with this memorandum follows.

Date: 12/5/07

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE